Good morning. May it please the court. My name is Herman Frank. I'm the attorney for the appellant and the plaintiffs. And I want to first address the court to O'Dwadby v. City of Adelanto, 368 Fed 2nd, 1062-1066, cited in the Respondent's Answering Brief at page 40, basically says if the U.S. attorney submits a dismissal in the interest of justice, it doesn't necessarily mean that was not the equivalent of factually innocent. If you allege fraudulent conduct, if there's no plea bargain, there can be a case that the decision to dismiss in the interest of justice was based on factual innocence. I would submit to this court, the basic thing here is that we have alleged in a complaint, it's a fact issue for trial, that the defendants could say, oh, no, we did that because of whatever reasons they want to say. We would say all of our circumstances that we have in the complaint are that basically their case got gutted. They didn't have a case. In our complaint on page 40, this is documentary 14-5, I believe, paragraph 127, it states the motion to dismiss was filed in light of the fact that the prosecutor determined that the case did not have factually accurate grounds and was not maintainable due to the lack of merit to the underlying criminal claims. The complaint was groundless in that Stephen Decker at all times represented to the defendants that he was working on behalf of the U.S. government. We submit to this court that Mr. Decker's conduct in basically approaching these people, this is not like an undercover drug sting where a guy approaches somebody and says you want to buy some heroin. This is a guy who came forward saying I'm with the U.S. government. And we know you Hmong people have issues with what's going on in Laos. We're aware of that. We want to help. Will you help us help? And they said, okay. They go along. They are asked to prepare a military plan. If you look at the military plan, you can see right away it called for, you know, black ops. It called for a $15 million budget. That was all going to come from U.S. government. At this point, this is our factual allegation that the U.S. government came to the Hmong people and said help us in a war. I would like to point out there's a history of that with the Hmong people. Back in the Vietnam War days, our U.S. government came to the Hmong people and gave them an obnoxious request which they said yes to, go into these jungles and start shooting at people. And they did it. I mean, you tell it's a very interesting story, right? I don't have any problem with that. It's very interesting. But the district court dismissed your case. Indeed. Right? And that's why you're here. We're trying to get it back in. You're trying to get it back in. All right. You raised a number of claims in the complaint, correct? Yes. Your initial remarks seemed to focus on the malicious prosecution claim. Yes. Right? That's why I'm starting, yes. Okay. Is that, I don't mean to take anything from that, but that might be your most viable potential claim. Well, it's... The district court, I don't know how you even could think you could sue the federal government and federal officials under section 1983. Your Honor, my, let me just, okay, I'll move on to those issues then. My claim under 1983 is simply a treaty estoppel, that we signed a treaty. There's just no basis for any of those 1983 claims. There's a basis in that we signed a treaty saying we would adopt a law enforcing these rights, and we did not do it. That's my argument about that. It's not a self-executing treaty. And in any event, I just, I failed to see, I don't know about my colleagues, but I failed to see how you can, how you properly allege the 1983 claim. Well... Second, you sued these, you sued these, these federal officials without, you know, for tort claims, without alleging of bringing a Federal Tort Claims Act case, and the district court had to treat it as such on your behalf. Well, what we did was a FTCA claim form that we submitted and alleging a group of claims, and then we put it into the complaint. So it was allowed, we, the court said we should call it FTCA instead of state tort claims that we did. Correct. It was a question of the titling. But it makes a difference for the government, because then the government has the Westfall Act to sub in the United States when you, when you try to sue a Federal official in state court for a state tort, I mean Federal court for a state tort. The, the bottom line is where there is existing law allowing a constitutional challenge to a Federal government official is under Bivens, and that's where the case can be met on the merits, right there. So basically under Bivens, you only have a claim against individual officers. Well, we're naming Mr. Decker. Decker. That's the guy. And the only possible claim you might have against him is a malicious prosecution claim. Well, we've submitted, I would disagree with that respectfully. Why? Because we also submit that this is a First Amendment claim seeking redress of government, petitioning the government for redress of grievances. My clients generally have been approaching the president and the executive office saying, will you please help us in Laos? There's a big problem going on there. And Mr. Decker comes back in and does what he does. So we claim that there is actually a further grounds under the First Amendment. We've alleged that. The trial court decided that those were time barred because they could have been brought at the outset of the case. That's right. My brief argues that under the case of Heck, there's abstention. You can't make the claim until you first win the criminal case. I would point out that because of that, I don't believe the merits of the retaliation claim were really dealt with. Instead, it was determined that they were time barred. And I would like to suggest that under the case of Heck, we had to finish that criminal case first. They did that, and then they filed the First Amendment claims along with other claims timely. I would hope that at a minimum, we could get a reversal to require the trial court to make findings on the merits of those retaliation claims. I would just like to point that out. There are more claims. It is true, though, our fundamental claim is malicious prosecution. And I would just submit under the case of Wad B, it's a fact issue whether the U.S. government's decision to walk away from this was based on something other than malicious prosecution. And the particulars of the complaint lay out a whole deceit. They talk about alleging fraudulent conduct in the Wad B case. We did that. There was like a trick here in that Mr. Decker is telling my clients, I'm with the U.S. government. If that was true, it would be a full defense to this conduct. It's like, hey, the government asked us to do it, and we said yes. That's a defense. And that, we submit fundamentally, was totally erased. It was not mentioned. It was an omission. They show all these meetings of my clients, you know, talking in rooms where there are missiles and they have a popcorn plan that lays out a play-by-play of how to attack Laos. What the government never alleged, and I'm not even the U.S. attorney knew it. The U.S. attorney may not have known it. Mr. Decker may have deceived them as well. But the fact is, Mr. Decker told my people, I'm with the federal government. We back you 100%. And that's where we get into a clear statement of factual innocence. Our contingent is that they were, of course, factually innocent. The U.S. attorney and their folks, I mean, the government, they can deny that, but a denial should not be a basis for a 12B6 dismissal. That's an issue for trial. That's my fundamental claim here today. Well, it could be addressed at summary judgment as well. Oh, I'm sure it will be if you reverse it. We'll hear it again. And we're prepared to meet that burden. We would say, if you look at our complaint, under all these circumstances, and the most daring document of all, the popcorn plan, how would that document arise without direct government involvement? It just wouldn't. On the face of the document itself, you can see there was a USA requesting it. They literally said, write it. They offered to pay them to write it. And so this is a case that comes under O'Dwadley, even though we submit the first series of dismissals were on the merits of what was dismissed. I appreciate not everything got dismissed. But the way the district court announced the dismissal, it's, you haven't shown any kind of organized military operation. And that's an element. I am sure the U.S. Attorney's Office, they have really smart people down there. They know how to plead a case. It's not for lack of trying. It was amended a few times. There was a superseding indictment. They had plenty of opportunity to fix any of these little holes. It wasn't alleged, not because of a procedural defect, but because they didn't have any facts to allege. And that's factual innocence. That's not a technical issue like time barred. You know, the judges up there, they allow amendments. And, you know, U.S. Attorney, if they say, may I amend, it would be a cold day before they said no to that. So I would submit to you the fact that they didn't amend to fill in the holes, the fact that they dismissed everything else is, there's a huge argument here that it is very much consistent with factual innocence. My clients never, they want that opportunity, of course, to prove that. In this case, if you send us back for trial, fundamentally, they will be there arguing about their factual innocence. Did you want to save some time for rebuttal? I'll take a couple of minutes. Thank you. Good morning. May it please the court. I'm Assistant United States Attorney Rebecca Falk on behalf of the United States ATF and Agent Decker. Counsel for the appellant brought up the argument this morning that the claims in this case, both the Bivens claim and possibly the Tork claim should have been told pursuant to heck. I just want to clear it up that heck doesn't apply unless there's a criminal conviction. So there is no federal tolling of either the constitutional claims or the Tork claims. The district court said that the malicious, the Bivens malicious claim against Decker and the federal Tork malicious prosecution claim should be against the government. Correct. We're not time barred. Yes. Correct? Yes. So then he looked at the allegations to see if there was a claim. That's correct, your honor. Right. And he basically found on the favorable outcome prong the malicious prosecution claim. The favorable termination How do you square his ruling with the Wabi? Is that the name of the case? Certainly that's the case. The Ninth Circuit that that governs in this matter, your honor. The district court's ruling was correct under a under a Wabi in a Wabi. The Ninth Circuit found that there was a dismissal in the interest of justice without any other information in the dismissal. So here we have a dismissal in the interest of justice that states that the prosecutors made a motion to dismiss the case because the prosecution was no longer warranted. And so that gives, uh, that gives this court an indication that the prosecutors had a justification for, uh, for dismissing the case. How is that so? Excuse me? How is that? Uh, how is that? Well, the, um, the dismissal, you know, this was dismissed on a 12B6. That's correct, your honor. And it was appropriately dismissed on a 12B6. We look at the allegations in the complaint. That's correct. And there's no allegations in the complaint that satisfy the rule in a Wabi. The rule in a Wabi is that a dismissal in the interest of justice is only sufficient if it reflects the opinion of the court or the prosecutor that the claim could not proceed on the merits. And in a Wabi, according to the facts that are stated in that case, the only information that was before the court was a dismissal in the interest of justice with nothing more. Here, we have a dismissal in the interest of justice that states that the prosecution was no longer warranted. And it doesn't include, there's nowhere, there's no information in the record that would satisfy the rule in a Wabi, that in order for a dismissal in the interest of justice to satisfy that favorable termination element, it must reflect either the opinion of the court or the prosecutor that the charges had no merit. Now, the reason that there's no information in the record is because the government has all the information and has never let him go through it, right? Excuse me, your honor. Government has all the information. That's correct. Well, your honor, the government certainly has all the information. Well, if you don't have the information, then you shouldn't have brought the case to begin with. Well, your honor, respectfully, I'm not sure that that goes to the resolution of this claim on the 12B-6. Well, no, you keep on going. If the government has all the information, why isn't it fair in a situation like this to permit him some discovery? You're going to say, oh, that never happens. I'll give you a case where it happened. In order to really evaluate your question, so the question is, would it be fair to remand this case so that there's discovery on the reason why the prosecution was dismissed? Is that correct? Yeah. Okay, so the favorable termination element has been reviewed by many California courts, and these are state law tort. This is the elements of a state law tort claim. In the California case law, it states that, and in fact, when the California Supreme Court initially announced this rule, it stated that there are instances where a prosecutor dismisses a case for whatever reasons the prosecutor has. That dismissal on the prosecutor's own motion does not indicate the factual innocence of the criminal defendants. It doesn't necessarily indicate. Well, that's correct. It doesn't necessarily indicate. It could be that it's the guy's innocent, right? Excuse me? It could be that the guy is innocent. Well, it could be, Your Honor, but the California courts- And the only, and you're suggesting that the government has the right to cover its possible liability by hiding under the words, in the interests of justice. No, Your Honor. Does that, does that advance the interests of justice? So first of all, Your Honor- For hiding something in the interests of justice, does that advance the interest of justice? No, Your Honor, and I don't believe the prosecutors in this case were trying to hide anything. Well, somebody has to find out. Respectfully, Your Honor, it's the plaintiff's burden in this case- No, it's not. What does Wadvey say with regard to who bears the burden? The burden of what, excuse me, Your Honor? Of establishing that the dismissal was not related to the actual innocence. Well, Your Honor, the- The prosecution plaintiff is not precluded from maintaining his action unless defendants can establish that charges are withdrawn on the basis of a compromise amongst the parties or for a cause that was not inconsistent with his guilt. So the burden here is on the defendant. Your Honor, the burden in this case is for the plaintiffs to allege sufficiently that they have a plausible claim. And under- Well, this case wasn't dismissed on the lack of plausibility. It was dismissed because the district court concluded that the malicious prosecution claim couldn't be sustained because the dismissal of the charge was not inconsistent with innocence. But Wadvey says that the balls on the defendant's court to establish the dismissal was not in connection with a compromise or some other reason. The reason that you articulated that prosecution is not warranted at this time, that could well be based on, oh, my God, we can't prove this case. Let's get rid of it. So how do we know that that wasn't the reason to get rid of it? And actually suggesting that he has the burden of proof. How does he have the burden of proof if he has no facts? You have the facts and refuse to let him have them. But there are several questions that are pending here. An abundance of opportunities. You want door number one or door number two? So first of all, let me just reiterate that this case was that this complaint was dismissed on two 12B6 motions. The first was a motion to dismiss the USA and Director Jones at the ATF. And the second was a motion to dismiss Agent Decker. When the under Iqbal and Twombly, when a court is reviewing a complaint to make a determination about whether a claim has been plausibly stated, it must look at the sufficiency of the factual allegations. In the Awabdi case, as Judge Clifton pointed out, it does say that a dismissal in the interest of justice could satisfy the favorable termination claim, but it can only satisfy the favorable termination claim if it contains certain information. And then the case goes on to say, and if the dismissal in the interest of justice contains certain information, and that would be the opinion of the court or the prosecutor that the charges couldn't proceed on the merits, then if you have that dismissal, then if there are allegations of fraud, unless the defendant can show whatever reasons that the case was dismissed, then favorable termination has been satisfied. But here we don't even get through the first part of that analysis because there hasn't been a favorable termination on the merits. The court in Awabdi cited – Were the charges dismissed? Excuse me? Were the criminal charges dismissed? Yes, Your Honor. So there's been a favorable termination? No, Your Honor, that's not correct. Now we're arguing on the merits part. Well, from the perspective of a defendant, dismissal of charges sounds pretty favorable. What's unfavorable about it? Yes. So the tricks of the language – Let's break it into pieces. Yes. What makes it not favorable? Well, there's – so there's no question that it would be perceived, and even under the California Supreme Court cases of Jaffee v. Stone, the California Supreme Court has recognized that there are cases where the criminal defendants will prevail, meaning that the prosecution has ended, and that merely by prevailing, those criminal defendants cannot establish a favorable termination for the purposes of a malicious prosecution tort. The reason that that is so is because the California Supreme Court has required, and it was cited to by the Ninth Circuit in the Awabdi case, that not only do the criminal defendants prevail, but in order to bring a claim for malicious prosecution, the criminal defendants must show that they – that there was a – there was a ruling on the merits. So now you're to the second point, although resisting, you're acknowledging that dismissal is favorable, you're going to the second point. Was it on the merits? So what do we have here that tells us that this dismissal was not on the merits? Well, there's actually a different distinction, Your Honor. The way that the term favorable termination has been defined in the case law is not whether or not the criminal defendants prevailed. The only way that you can use the term favorable termination when it's being used in the context of the malicious prosecution claim is where there is an indication of factual innocence. So we actually, in the analysis on this case, we have to start one step earlier. I stop you there because Awabdi says, I think pretty explicitly, that at this point, that it's the defendants that have to establish that the dismissal was either the result of a compromise, plea bargain of some kind or something that evokes a dismissal, or for a cause that was not inconsistent with his guilt. Actually, Your Honor, the court in Awabdi gave a different articulation of the rule just a little bit earlier than that in the case. Well, I'm reading from Awabdi, so okay. Yes. So the court in Awabdi says that a dismissal in the interest of justice can, in certain instances, satisfy that favorable termination claim. But the only way that you get to the question of whether the dismissal in the interest of justice can satisfy that claim is if the dismissal contains the opinion of the court or the prosecutor that the criminal case was dismissed on the substantive merits. So if you just judge Clifton here earlier, your first point you just made, that the Awabdi court goes on to say, when such a dismissal is procured as the result of a motion by the prosecutor, and there are allegations that the prior proceedings were instituted as the result of fraudulent conduct, which is what's alleged here, a malicious dismissal, as Judge Clifton has said, the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt. So that's what the case says. However, if you look at the so let me let me clarify. You read the very beginning of that sentence. The very beginning of the sentence says, the very beginning of the sentence says, if such a dismissal is entered. The beginning of that sentence says, if such a dismissal is entered. That sentence follows on with the one before, where the Ninth Circuit cites to the California Supreme Court that says a dismissal in the interest of justice is not enough standing on its own because it leaves in doubt the guilt or the innocence of the criminal defendants. So what the Iwabi court said in the sentence just previous to the one that Judge Paez read is the only way that a dismissal in the interest of justice can satisfy this favorable termination element is if it contains information that demonstrates that either the court or the prosecutor thought the charges couldn't proceed. And without that information, this is certainly an issue that's been examined by the California torts with respect to the claim of malicious prosecution, that a dismissal in the interest of justice standing alone, where there's no information that the court has dismissed the claim on the evidence, that the prosecutor has conceded that there's no evidence, that leaves open the question of guilt or innocence. And if the question of guilt or innocence is open, with no indication of factual meaning that the prosecution ended, that information is not sufficient to satisfy the first favorable termination element. How do you reconcile that with the result of Iwabi? Did Iwabi affirm a dismissal? No, it didn't. It remanded down to the district court. I do think it can be. But why isn't that the right result here? It's not the right result here because the only information we have in Iwabi about the dismissal in the interest of justice is that it said only that. And in this case, we have more. Well, isn't that the case we have here? No, Your Honor, it's not. In this case, there was a dismissal in the interest of justice, but it also stated that the reason that the prosecutors made the motion to dismiss is because the prosecution was no longer warranted. That is not a statement that reflects the guilt or the innocence of the criminal defendants. Okay. That's, well. Good luck with that. Yeah. Oh, boy. Okay, so. You're playing the cards you're dealt. So we're not faulting you, but that's parsing awfully closely. I understand that it's parsing closely, Your Honor. But the California Supreme Court has looked over and over at the question of whether a dismissal in the interest of justice standing alone is enough. And over and over, the California courts have come to the same conclusion. It's not enough to state a claim for malicious prosecution because it doesn't indicate factual innocence. And therefore, it doesn't allege sufficiently that first element that actually marks the accrual of the malicious prosecution claim. Okay. Thank you very much. Thank you. Interesting argument. You had a few minutes for rebuttal. You can submit if you'd like. Well, I'll try not to mess it up, I'll tell you that. Let me just say that it's not just the motion standing alone that we're basing on. We've got a bunch of other stuff in the complaint, as you know. And part of it is there was a gutting of the case. And you can see the gutting of the case. You imagine what the prosecutors do. Oh, my God, we just lost half of it. What do we do with the rest of it? But fundamentally, I would just hope that my clients could now have their opportunity to show that factual innocence, to show that they were snookered by this Mr. Decker. And I will say it again, I believe the US Attorney's Office was snookered too by him. And let us have that case here that will show that they can say all they want about how it was not based on factual innocence. And we can say what we want, how it was. And it's a circumstance that a jury could determine. Thank you. Okay, thank you very much. That concludes our session. That case is submitted. That concludes our session for today, and we'll be in adjournment.
judges: Paez, Clifton, Duffy